FILED
2014 Aug-07 PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RACHAEL CROWE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO.  2:13-CV-2297-SLB** |
| ) | |
| **B O A T R I G H T   R A I L R O A D** ) | |
| **COMPANIES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (Doc. 9.)[1]  Plaintiff Rachael Crowe has sued her former employer, defendant Boatright Railroad Companies, Inc., alleging that defendant terminated her in retaliation for her opposition to an unlawful hostile work environment.  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 9), is due to be granted.

## I.  MOTION TO DISMISS STANDARD

Defendant has moved to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted.  (Doc. 9 at 1-2.)  The purpose of such a motion, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of a claim for relief.  *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997).  Rule 12(b)(6) must be read together with Rule

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

8(a)(2) of the Federal Rules of Civil Procedure, which "requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal citations and quotation omitted).

When addressing a 12(b)(6) motion to dismiss, the court accepts the allegations in the Complaint as true and construes those allegations in the light most favorable to plaintiff. *Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP*, 634 F.3d 1352, 1359 (11th Cir. 2011)(quoting *Am. Dental Ass'n*, 605 F.3d at 1288). To survive a Motion to Dismiss, "the complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id*. (quoting *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))(internal quotations omitted). A claim is "plausible" if the facts are sufficient "to allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation," and the court does not assume that plaintiff can prove facts she has not alleged. *Twombly*, 550 U.S. at 555, 563 n.8. (internal quotations and citations omitted). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr.*

*for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)(quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

## II. STATEMENT OF FACTS

In her Complaint, plaintiff alleges the following facts:

> 8. Plaintiff Crowe became employed with Boatright in July 2011 as a payroll specialist.
>
> 9. One of plaintiff's direct supervisors at Boatright was Steve Bookout, the company's Chief Financial Officer.
>
> 10. Over the course of plaintiff's employment she embarked upon a physical fitness regimen, and lost a great deal of weight.
>
> 11. After plaintiff's weight loss Bookout began commenting upon her appearance and complimenting her on a frequent basis. Bookout made numerous comments about how attractive he found the plaintiff.
>
> 12. After several weeks and/or months of these comments, plaintiff met with Bookout in October 2012 and informed him that his unprofessional comments made her uncomfortable, and asked him to stop.
>
> 13. A few days after this meeting plaintiff was terminated from her employment on or about October 17, 2012.

(Doc. 1 at 2-3 ¶¶ 8-13.)

Plaintiff filed a Charge of Discrimination with the EEOC on or about January 31, 2013. (Doc. 1 at 7.) In her Charge, plaintiff alleges that she was terminated "based upon [her] gender (female) and in retaliation for complaining of sexual harassment." (*Id.*)

After receiving a right-to-sue letter, plaintiff filed the instant action, which contains a single claim of retaliatory discharge. (*Id*. at 3 ¶¶ 15-18.) She alleges that she "engaged in

3

protected activity by complaining to her supervisor about his inappropriate sexual comments," and that she was terminated shortly thereafter. (*Id*. ¶¶ 16-17.)

### III. DISCUSSION

Defendant asks the court to dismiss plaintiff's Complaint for failure to state a claim for relief. (Doc. 9 at 1.) As grounds for its Motion to Dismiss, defendant states as follows:

> 1. The Complaint asserts one cause of action against Boatright, namely, retaliation under Title VII. (Doc. 1, p. 3.)
>
> 2. Plaintiff alleges that her supervisor complimented her on her appearance and told her he found her attractive. (Doc. 1, ¶ 11.)
>
> 3. Plaintiff alleges she asked her supervisor to stop making such comments, and a few days thereafter, she was fired. (Doc. 1, ¶¶ 12, 13.)
>
> 4. Plaintiff has not stated a prima facie case of retaliation under Title VII because she has not alleged activity which could be deemed "protected activity."
>
> 5. As a matter of law, Plaintiff did not have an objectively reasonable basis for believing that the conduct alleged in the Complaint amounted to sexual harassment or any other conduct prohibited by Title VII. *Little v. United Techs., Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir. 1997).
>
> 6. The Eleventh Circuit has held that comments of the type allegedly made to Plaintiff do not constitute sexual harassment. *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571 (11th Cir. 2000), *overruled on other grounds by Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

(*Id*. at 1-2.)

In response, plaintiff argues that her statement to Bookout is protected activity – "Ms. Crowe opposed a hostile working environment caused by her immediate supervisor." (Doc. 12 at 3.) She contends that she has sufficiently alleged facts to support a finding that she reasonably believed Bookout's conduct violated Title VII. (*See id*. at 4-5.)

4

In an unpublished opinion, the Eleventh Circuit has held:

> Title VII protects individuals who have informally voiced complaints to their superiors. *Shannon v. Bellsouth Telecomms., Inc.,* 292 F.3d 712, 715 n.2 (11th Cir. 2002). A plaintiff must demonstrate that she had a subjective, good-faith belief that her employer was engaged in unlawful employment practices and that her belief was objectively reasonable in light of the facts and record presented. *Little v. United Techs., Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir. 1997). The plaintiff's subjective belief is measured against the substantive law at the time of the offense. *Lipphardt v. Durango Steakhouse of Brandon, Inc.,* 267 F.3d 1183, 1187 (11th Cir. 2001). Although the conduct opposed need not "actually be sexual harassment, . . . it must be close enough to support an objectively reasonable belief that it is." *Clover v. Total Sys. Servs., Inc.,* 176 F.3d 1346, 1351 (11th Cir. 1999).

*Henderson v. Waffle House, Inc.*, 238 Fed. Appx. 499, 501-02 (11th Cir. 2007).[2]

Plaintiff alleges that for months before her termination "Bookout . . . comment[ed] upon her appearance and compliment[ed] her on a frequent basis," and he "made numerous comments about how attractive he found [her]." (Doc. 1 ¶ 11, 12.) However, "[a] man can compliment a woman's looks . . . on one or several occasions, by telling her that she is looking 'very beautiful,' or words to that effect, without fear of being found guilty of sexual harassment for having done so." *Gupta*, 212 F.3d at 584. Indeed, "[n]ot uncommonly such words show a flirtatious purpose, but flirtation is not sexual harassment." *Id*. (citation omitted). Thus, the alleged "unlawful conduct" – Bookout's comments and compliments – cannot support a finding that plaintiff reasonably believed Bookout's conduct violated Title VII by creating a hostile work environment based on sex.

---

[2]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. **Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority**." 11th Cir. Rule 36-2 (emphasis added).

Therefore, defendant's Motion to Dismiss, (doc. 9), will be granted and plaintiff's retaliation claim will be dismissed.

In her response, plaintiff asks the court for an opportunity to replead her claim. (Doc. 12 at 6.)  The court will allow plaintiff to replead her Complaint to allege any causes of action she may have under the facts of this case.[3]

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that plaintiff's Complaint fails to state a retaliation claim for which relief may be granted.  An Order granting defendant's Motion to Dismiss plaintiff's Complaint and giving her the opportunity to file an Amended Complaint will be entered contemporaneously with this Memorandum Opinion.

---

[3]The Eleventh Circuit has held:

> A district court's discretion to dismiss a complaint without leave to amend "is 'severely restrict[ed]' by Fed. R. Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)(citation omitted).  Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).  A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

*Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

**DONE** this 7th day of August, 2014.

                                                          _____
                                                          SHARON LOVELACE BLACKBURN
                                                          UNITED STATES DISTRICT JUDGE